IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| Griffin Bonacci, | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S COUNSEL'S REQUEST FOR 42 U.S.C. § 406(b) FEES |
|---|---|
| Plaintiff, | |
| v. | |
| Andrew Saul, Commissioner of Social Security, | Case No. 2:17-cv-348 DBP |
| | District Judge |
| Defendant. | Magistrate Judge Dustin B. Pead |

Plaintiff requests an award of attorney fees under the Social Security Act, 42 U.S.C. § 406(b) (ECF 32, ECF 33.) Fees under this statue are awarded from a claimant's past-due benefits. They are capped at 25 percent of the total of the past-due benefits, and must be reasonable. *See* 42 U.S.C. § 406(b)(1)(A); 20 C.F.R. § 404.1730. Previously, the court granted Plaintiff $5,500 in attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF 31.) Unlike fees awarded under the EAJA, fees under 42 U.S.C. § 406(b) are paid from the claimant's benefits, rather than from agency funds and are based on a contract between the claimant and the claimant's attorney. The Commissioner is not a party to a § 406(b) fee award and has taken no position on the request. (ECF 34.)

As acknowledged by Plaintiff's counsel, because Plaintiff's counsel also received an award of $5,500 in attorney fees under the EAJA, Plaintiff's counsel must refund to Plaintiff the lesser of the two fees that he receives. (ECF 32 p 2, 5.) *See Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986). Plaintiff's counsel seeks $7,912.50 in fees, which is derived from the total request of $13,412.50 minus the EAJA award of $5,500. The court has reviewed Plaintiff's 406(b) fee request and finds it is reasonable and supported by the evidence in the record.

Therefore, it is hereby ordered that fees under 42 U.S.C. § 406(b) are granted in the amount of $7,912.50 from the claimant's past-due benefits.

IT IS SO ORDERED.

DATED this 22 October 2019.

_____
Dustin B. Pead
United States Magistrate Judge